IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　vs.<br>JOSE CEDENO,<br>　　　　　Defendant. | Case No. 3:02-CR-00006- JKS<br><br>O R D E R |

　　　　Jose Cedeno pleaded guilty, was convicted of drug offenses, and sentenced to a term of imprisonment. He is currently serving his sentence. On February 27, 2004, he made a motion for return of certain property allegedly seized at the time of his arrest. Docket No. 33 (motion). He asks for the following property: 1) men's wallet; 2) pre-paid phone cards, each valued at $200; 3) three cellular phones valued at $600; 4) one cellular phone Boomerang, valued at $200; 5) one sugar diabetic sugar monitoring machine, valued at $150; 6) Alaska Airlines ticket, valued at $625; 7) American passport (which he valued at $200); 8) Nikon binoculars, valued at $175; 9) assorted clothing; 10) backpack, sleeping bag, and duffel bag, valued at $250; 11) tools, valued at $50; 12) two CD players, valued at $300; and, 13) various other property, valued at $500.

　　　　This Court has jurisdiction pursuant to Federal Rule of Criminal Procedure 41(g). The Government has responded. Docket No. 35. It concedes possession of Cedeno's wallet and one cell phone, which it agrees to return. It concedes possession of the CD players, which it contends are needed as part of an ongoing investigation. It denies possession of any other property. The Court initially referred this matter to the Honorable John D. Roberts, United States Magistrate Judge, to gather evidence and prepare a report and recommendation. Docket No. 36 (Order dated April 15, 2004). It appears that nothing has happened to bring this case to completion. The Court will therefore withdraw the reference and proceed to a decision. To aid the Court, the Government should file an updated response indicating whether the property

identified in its previous response at Docket No. 35 has been turned over to either Cedeno or his brother, and whether the CD players are still needed as part of an investigation.

In addition, the Government should search its records and have the law enforcement agencies involved search their records to locate and serve on Cedeno (and the Court) any inventories made at the time of Cedeno's arrest, property search and seizure, and admission to the jail. The Government should then file affidavits of men and women having knowledge of the facts regarding any property listed in an inventory that is not currently in the custody and control of the Government. Once the record is clear regarding what the Government has and when it acquired it, the Court can then proceed to require Cedeno to document any property that he contends was seized, and which the Government denies seizing.

Cedeno is contemplating filing a petition pursuant to 28 U.S.C. § 2255. No petition has been filed. Cedeno moves for an order directing the Government to provide him certain documents. Docket No. 38. Since no petition is pending, the Court cannot direct the Government to provide Cedeno information. It appears, however, that the documents Cedeno wishes are matters of public record within the custody and control of the Clerk of this Court. The Court will therefore direct the Clerk to mail to Cedeno at his last known address: 1) the indictment in this case, located at Docket No. 1; 2) a copy of the plea agreement, which is filed under seal; and, 3) the existing transcript of a part of the sentencing hearing.

Finally, the Court notes that by a letter from Bernie Ellis, Warden of Taft Correctional Institution – Satellite Camp, dated November 28, 2005, it is aware of Mr. Cedeno's escapee status. Accordingly, operation of this Order is suspended until such time as Mr. Cedeno is returned to custody.

**IT IS SO ORDERED.**

Dated at Anchorage, Alaska, this 7th day of July 2006.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CR\D.AK 2002\A02-0006.009.wpd