NELSON P. COHEN
United States Attorney

STEPHAN A. COLLINS
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: Stephan.Collins@usdoj.gov
AK Bar Assoc. No. 8911061

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 3:02-CR-00006-JKS |
| ) | |
| Plaintiff, ) | **RESPONSE IN OPPOSITION TO** |
| ) | **18 U.S.C. § 3582(c) MOTION** |
| vs. ) | |
| ) | |
| JOSE LUIS CEDENO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The defendant, Jose Luis Cedeno, has filed a motion for reduction of

sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on a recent amendment to the

Sentencing Guidelines which lowered the base offense levels applicable to cocaine

base ("crack") offenses. The amendments to which the defendant relies in his

motion do not apply to his sentence. The United States therefore opposes the

motion.

## ORIGINAL SENTENCING

The defendant was originally charged with possession with intent to distribute 50 grams or more of cocaine base (crack), a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). The defendant and the United States eventually entered into a plea agreement that Fed. R. Crim.P. 11(e)(1)(C) (this rule was subsequently renumbered as 11(c)(1)(C) with no substantive changes) controlled. Pursuant to that agreement, the parties agreed the Court would impose a sentence no lower than 180 months of imprisonment. The Court eventually accepted the plea agreement and imposed a sentence of 180 months of imprisonment.

## RETROACTIVE APPLICATION OF THE AMENDMENTS TO U.S.S.G. § 2D1.1

Section 3582(c)(2) of Title 18 provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements

issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[1] On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). See U.S.S.G. App. C, Amend. 712. Revised Section 1B1.10(a), which became effective on March 3, 2008, provides, in relevant part:

(1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by

---

[1] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). *See, e.g., United States v. Perez*, 129 F.3d 255, 259 (2d Cir. 1997); *United States v. Thompson*, 70 F.3d 279, 281 (3d Cir. 1995); *United States v. McHan*, 386 F.3d 620, 622 (4th Cir. 2004); *United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996); *United States v. Dullen*, 15 F.3d 68, 70-71 (6th Cir. 1994); *United States v. Wyatt*, 115 F.3d 606, 608-09 (8th Cir. 1997); *United States v. Cueto*, 9 F.3d 1438, 1441 (9th Cir. 1993); *United States v. Avila*, 997 F.2d 767, 768 (10th Cir. 1993); *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003).

3

18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

(A) none of the amendments listed in subsection (c) is applicable to the defendant; or

(B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3) <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

Among the factors the Court is to consider when determining whether or not a reduction in a defendant's term of imprisonment is warranted and the extent of any such reduction are 1) the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment; and 2) any post sentencing conduct of the defendant. *Commentary, Application Notes 1.(B)(ii) and (iii).*

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses.[2] On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008. U.S.S.G. App. C, Amend. 713.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See U.S.S.G., Supplement to App. C, Amend. 706.[3]

Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

[3] In a separate matter, the Supreme Court recently held in *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007), that district courts "may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders. However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies to an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

     The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams. Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

## A REDUCTION IN SENTENCE IS NOT WARRANTED IN THIS CASE BECAUSE THE RECENT AMENDMENTS HAVE NO EFFECT ON THE DEFENDANT'S SENTENCE

The recent amendments to sentencing guidelines have no effect on lowering the defendant's sentence because his sentence did not rest on the applicable guideline range, but on an express stipulation in his plea agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), as to the final sentence. "A sentence imposed under a Rule 11(c)(1)(C) plea arises from the agreement itself, not from the Guidelines. . . ." *United States v. Pacheco-Navarette*, 432 F.3d 967, 971 (9th Cir. 2005). A motion for reduction of sentence under Section 3582(c)(2), based on a retroactive guideline amendment, is irrelevant where the defendant has entered and been sentenced pursuant to such a "C plea." As one appellate court correctly stated in this context, "the district court should have dismissed [the defendant's] motion without considering its merits." *United States v. Trujeque*, 100 F.3d 869, 871 (10th Cir. 1996). Accord *United States v. Peveler*, 359 F.3d 369, 377-79 (6th Cir. 2004); *United States v. Hemminger*, 114 F.3d 1192, 1997 WL 235838 (7th Cir. May 2, 1997) (unpublished).

Cases to address this situation in the specific context of the crack amendments are in agreement. *See, e.g., United States v. Bride*, 2008 WL 2782688 (W.D. Wash. July 14, 2008); *United States v. Paul*, 2008 WL 2510147 (N.D.N.Y.

June 19, 2008); *United States v. Tindall*, 2008 WL 2518546 (W.D. Va. June 19, 2008); *United States v. Grigsby*, 2008 WL 2329134 (D. Colo. May 29, 2008) (applying this rule even though the stipulated sentence was within the then-controlling guideline range); *United States v. Hines*, 2008 WL 2169516 (E.D. Tenn. May 22, 2008); *United States v. Roberson*, 2008 WL 2020209 (M.D. Pa. May 8, 2008) (same); *United States v. Gordon*, 2008 WL 901911 (E.D. Okla. Mar. 31, 2008). Therefore, the Court should summarily deny the motion.

The United States would also remind this Court that the defendant, while serving the original term of imprisonment, escaped from custody. See Docket #44.

## CONCLUSION

For the reasons set forth above, the Court should deny the defendant's 18 U.S.C. §3582(c) motion for a reduction in sentence. The recent amendments to the cocaine base (crack) guidelines do not effect a change in his sentence. The sentence the Court imposed was derived from the plea agreement and not the

\\


\\


\\

guidelines.  The plea agreement remains in effect.

RESPECTFULLY SUBMITTED this day, July 31, 2008, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney
s/Stephan A. Collins
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK # 8911061

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2008
a copy of the foregoing was served
electronically:

Michael Dieni,  counsel for Cedeno